James F. Keefe, Esq. Town Attorney, Cairo
You have asked whether the offices of undersheriff and town clerk are incompatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We are not aware of any constitutional or statutory prohibition against holding these two offices. Nor do we find any inevitable conflicts arising out of the duties of the two offices. We recognize that occasions may arise when the undersheriff is acting sheriff and may have to devote his full time to that position. The Ryan case, supra, makes it clear, however, that physical impossibility to perform in two offices at the same time does not constitute incompatibility. It is also conceivable but unlikely that a conflict of interest situation could arise. In that event, as undersheriff or town clerk, as the case might be, he could refer the matter to the sheriff or a deputy sheriff or to a deputy clerk.
We conclude that one person may serve simultaneously as an undersheriff and as a town clerk.
The Attorney General renders formal opinions only to officers and department of the State government. This perforce is an informal and unofficial expression of views of this office.